REMLINGER vs. YOUNG, Town Treasurer, etc.

*Action by town treasurer on subscription to bounty fund.—Admission of evidence for plaintiff, after motion for nonsuit.—Reversal of judgment.*

1. Under ch. 295, Laws of 1863, the plaintiff below, as town treasurer, could maintain an action on a subscription made by the defendant below to a fund for paying bounties to volunteers to be credited to his town.
2. It is not error to permit a plaintiff, after motion for nonsuit duly made, to supply proof necessary to his case, and omitted by oversight.
3. A judgment will not be reversed for the admission of incompetent evidence, where the fact was otherwise proved and there was no conflicting evidence.

APPEAL from the Circuit Court for *Ozaukee* County.

*Young*, as treasurer of the town of Port Washington in said county, brought the action below, under ch. 295, Laws of 1863, to recover the amount subscribed by *Remlinger* to pay bounties to volunteers who should be credited to the town. The printed case does not contain the pleadings.

An objection to the admission of any evidence under the complaint, on the ground that it did not state a cause of action, was overruled. A part of Young's evidence consisted of certificates of various mustering officers, and one of the adjutant general of this state, certifying that the persons named therein had been mustered into the service of the United States in certain Wisconsin regiments and batteries, and that their residence was given on the muster rolls as "Port Washington, Ozaukee County, Wis." These were objected to, on the grounds that they did not show that the persons named were credited to the town, and that they were not the best evidence. One Audier testified that he saw some of said persons mustered in, and that they were credited to the quota of said town, the whole number so credited being over thirty. The other evidence need not be stated. *Young* having closed his evidence without proof that he was town treasurer, or that anything had ever been paid or agreed to be paid as bounty to the persons credited on the quota of said town, was permitted, after *Remlinger* had moved for a nonsuit, and against his objection, to introduce evidence of his official character; and the nonsuit was then denied.

Verdict and judgment for the plaintiff below; to reverse which judgment this suit was brought.

*Hugh Cunning*, for plaintiff in error, among other things, contended that no cause of action was stated in the complaint; that the so called "muster-in papers" were only certificates of some person purporting to be an officer, and could not be received as evidence; and that no recovery could be had without showing that some expense had been actually incurred in filling the quota—that some amount had been paid or agreed to be paid to volunteers.

*H. G. Turner*, for defendant in error. [No brief.]

---

Remlinger vs. Young, Town Treasurer, etc.

---

PAINE, J.   One of the objections taken in this case is, that the complaint does not state a cause of action; yet it is not printed in the case.   We have with some reluctance looked into the record, and are satisfied that the objection is groundless.   The action is broght in pursuance of the authority given by chapter 295, Laws of 1863, which gives town treasurer the right to bring suit on any subscription made to pay bounties to volunteers for that town.   The subscription here sued on was made after that act was in force; and the complaint sufficiently states a cause of action on the subscription.

If, at the time the motion for nonsuit was made, the plaintiff had failed to prove that he was town treasurer, it was within the discretion of the court to re-open the proof and to allow him to supply that oversight, as was done. This was no error.   We do not see that the muster-in papers which were offered and received in evidence were material, and counsel does not suggest what bearing they had upon the issue.   If it was merely to show that there had been volunteers credited to that town, the fact was shown by the testimony of Audier, which there was nothing to contradict. If, therefore, it was necessary to prove that fact, it being shown by other competent and uncontradicted evidence, the judgment would not be reversed, even if the certificates were inadmissible, which we do not determine, as there has been no argument presented on either side of the question.

We discover no error in the case, and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.